AO 245B (Rev. 02/18)  Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

Western District of Pennsylvania

| UNITED STATES OF AMERICA | ) | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|---|
| v. | ) | |
| | ) | Case Number: 2:17-cr-233 |
| JAMES CLAY RUSSELL | ) | USM Number: 38629068 |
| | ) | LEON A. PARKER |
| | ) | Defendant's Attorney |

**THE DEFENDANT:**

☒ pleaded guilty to count(s)  2

☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.

☐ was found guilty on count(s) _____ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| **Title & Section** | **Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|---|
| 18 U.S.C. 2252(a)(2) | DISTRIBUTION OF MATERIAL DEPICTING THE EXPLOTATION OF A MINOR | 2/20/2017 | 2 |

The defendant is sentenced as provided in pages 2 through   10   of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☒ Count(s)  1 and 3  ☐ is  ☒ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

6/20/2019
Date of Imposition of Judgment

Signature of Judge

MARK R. HORNAK, CHIEF UNITED STATES DISTRICT JUDGE
Name and Title of Judge

6/20/2019
Date

AO 245B (Rev. 02/18) Judgment in Criminal Case
Sheet 2 — Imprisonment

Judgment — Page 2 of 10

DEFENDANT: JAMES CLAY RUSSELL
CASE NUMBER: 17-233-1

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:
ONE-HUNDRED AND TWO (102) MONTHS

☒ The court makes the following recommendations to the Bureau of Prisons:
THAT THE DEFENDANT BE PLACED AT A FACILITY WITH ACCESS TO TREATMENT PROGRAMS FOR SEX OFFENDERS. THAT THE DEFENDANT BE PLACED AS CLOSED AS POSSIBLE TO PITTSBURGH, PA, AND SPECIFICALLY AT FCI LORETTO.

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

  ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

  ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

  ☐ before 2 p.m. on _____ .

  ☐ as notified by the United States Marshal.

  ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:




Defendant delivered on _____ to _____
at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 02/18) Judgment in a Criminal Case
Sheet 3 — Supervised Release

Judgment—Page 3 of 10

DEFENDANT: JAMES CLAY RUSSELL
CASE NUMBER: 17-233-1

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of:
TEN (10) YEARS

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

    ☒ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. (check if applicable)

4. ☒ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5. ☒ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6. ☒ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245B (Rev. 02/18)   Judgment in a Criminal Case
Sheet 3A — Supervised Release

Judgment—Page 4 of 10

DEFENDANT: JAMES CLAY RUSSELL
CASE NUMBER: 17-233-1

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____   Date _____

AO 245B(Rev. 02/18)   Judgment in a Criminal Case
Sheet 3D — Supervised Release

Judgment—Page 5 of 10

DEFENDANT: JAMES CLAY RUSSELL
CASE NUMBER: 17-233-1

## SPECIAL CONDITIONS OF SUPERVISION

14) THE DEFENDANT IS PERMITTED TO POSSESS AND/OR USE A COMPUTER AND IS ALLOWED ACCESS TO THE INTERNET. HOWEVER, THE DEFENDANT IS NOT PERMITTED TO USE A COMPUTER, OR OTHER ELECTRONIC COMMUNICATION OR DATA STORAGE DEVICES, INCLUDING A CELL PHONE, TO ACCESS CHILD PORNOGRAPHY OR TO COMMUNICATE WITH ANY INDIVIDUAL OR GROUP FOR THE PURPOSE PROMOTING SEXUAL RELATIONS WITH CHILDREN. THE DEFENDANT SHALL CONSENT TO THE INSTALLATION OF ANY HARDWARE/SOFTWARE TO MONITOR ANY COMPUTER, OR OTHER ELECTRONIC COMMUNICATION OR DATA STORAGE DEVICES USED BY THE DEFENDANT TO CONFIRM THE DEFENDANT'S COMPLIANCE WITH THIS CONDITION. THE DEFENDANT SHALL PAY THE MONITORING COSTS AS DIRECTED BY THE PROBATION/PRETRIAL SERVICES OFFICER. FURTHERMORE, THE DEFENDANT SHALL CONSENT TO PERIODIC UNANNOUNCED EXAMINATIONS BY THE PROBATION/PRETRIAL SERVICES OFFICER OF ANY COMPUTERS, CELL PHONES, OR OTHER ELECTRONIC COMMUNICATION OR DATA STORAGE DEVICES THAT THE DEFENDANT HAS ACCESS TO, TO CONFIRM THE DEFENDANT'S COMPLIANCE WITH THIS CONDITION. ADDITIONALLY, THE DEFENDANT SHALL CONSENT TO THE SEIZURE AND REMOVAL OF HARDWARE AND DATA STORAGE MEDIA FOR FURTHER ANALYSIS BY THE PROBATION/PRETRIAL SERVICES OFFICER, BASED UPON REASONABLE SUSPICION OF A VIOLATION OF THE CONDITIONS IMPOSED IN THIS CASE, OR BASED UPON REASONABLE SUSPICION OF UNLAWFUL CONDUCT BY THE DEFENDANT. THE DEFENDANT'S FAILURE TO SUBMIT TO THE MONITORING AND/OR SEARCH OF COMPUTERS AND OTHER ELECTRONIC COMMUNICATION OR DATA STORAGE DEVICES USED BY THE DEFENDANT MAY BE GROUNDS FOR REVOCATION.

15) IF THE DEFENDANT'S EMPLOYMENT REQUIRES THE USE OF A COMPUTER, THE DEFENDANT MAY USE A COMPUTER IN CONNECTION WITH THE EMPLOYMENT AS APPROVED IN ADVANCE BY THE PROBATION OFFICER, PROVIDED THE DEFENDANT NOTIFIES HIS EMPLOYER OF THE NATURE OF HIS CONVICTION. THE PROBATION OFFICER SHALL CONFIRM THE DEFENDANT'S COMPLIANCE WITH THIS NOTIFICATION REQUIREMENT.

16) THE DEFENDANT SHALL PROVIDE THE U.S. PROBATION OFFICE WITH ACCURATE INFORMATION ABOUT HIS ENTIRE COMPUTER SYSTEM (HARDWARE/SOFTWARE) AND OTHER ELECTRONIC COMMUNICATION OR DATA STORAGE DEVICES OR MEDIA TO INCLUDE ALL PASSWORDS USED AND THE NAME OF THE INTERNET SERVICE PROVIDER(S). THE DEFENDANT ALSO SHALL ABIDE BY THE PROVISIONS OF THE COMPUTER RESTRICTIONS AND MONITORING PROGRAM APPROVED BY THE COURT.

17) THE DEFENDANT SHALL SUBMIT HIS PERSON, PROPERTY, HOUSE, RESIDENCE, VEHICLE, PAPERS, BUSINESS OR PLACE OF EMPLOYMENT, TO A SEARCH, CONDUCTED BY A UNITED STATES PROBATION OR PRETRIAL SERVICES OFFICER AT A REASONABLE TIME AND IN A REASONABLE MANNER, BASED UPON, BASED UPON REASONABLE SUSPICION OF CONTRABAND OR EVIDENCE OF A VIOLATION OF A CONDITION OF SUPERVISION. FAILURE TO SUBMIT TO A SEARCH MAY BE GROUNDS FOR REVOCATION. THE DEFENDANT SHALL INFORM ANY OTHER RESIDENTS THAT THE PREMISES MAY BE SUBJECT TO SEARCHES PURSUANT TO THIS CONDITION.

18) THE DEFENDANT SHALL NOT POSSESS OR ACCESS WITH INTENT TO VIEW ANY MATERIALS, INCLUDING PICTURES, PHOTOGRAPHS, BOOKS, WRITINGS, DRAWINGS, VIDEOS, OR VIDEO GAMES DEPICTING AND/OR DESCRIBING CHILD PORNOGRAPHY AS DEFINED AT 18 U.S.C. § 2256(8), OR OBSCENE VISUAL REPRESENTATIONS OF THE SEXUAL ABUSE OF CHILDREN AS DEFINED AT 18 U.S.C. § 1466A.

19) WITH THE EXCEPTION OF BRIEF, UNANTICIPATED AND INCIDENTAL CONTACTS, TO INCLUDE THE DEFENDANT'S PLACE OF EMPLOYMENT AND/OR VOLUNTEER ACTIVITY, THE DEFENDANT SHALL NOT ASSOCIATE WITH CHILDREN UNDER THE AGE OF 18, EXCEPT IN THE PRESENCE OF AN ADULT WHO IS AWARE OF THE NATURE OF THE DEFENDANT'S HISTORY, CHARACTERISTICS AND/OR CONVICTION(S) AND HAS BEEN APPROVED BY THE PROBATION OFFICER.

20) THE DEFENDANT SHALL PARTICIPATE IN A MENTAL HEALTH AND/OR SEX OFFENDER TREATMENT PROGRAM, APPROVED BY THE PROBATION OFFICER, UNTIL SUCH TIME AS THE DEFENDANT IS RELEASED FROM THE PROGRAM BY THE COURT. THE DEFENDANT SHALL ABIDE BY ALL PROGRAM RULES, REQUIREMENTS, AND CONDITIONS OF THE SEX OFFENDER TREATMENT PROGRAM, INCLUDING SUBMISSION TO POLYGRAPH TESTING; SAID TESTING SHALL CONTINUE THROUGHOUT THE TERM OF SUPERVISION IN ORDER TO MONITOR AND ENSURE COMPLIANCE WITH THE CONDITIONS OF SUPERVISION. FURTHER, THE DEFENDANT SHALL BE REQUIRED TO CONTRIBUTE TO THE COSTS OF SERVICES FOR ANY SUCH TREATMENT IN AN AMOUNT DETERMINED BY THE PROBATION OFFICER, BUT NOT TO EXCEED THE ACTUAL COST. THE PROBATION OFFICE IS AUTHORIZED TO RELEASE THE DEFENDANT'S PRESENTENCE REPORT TO THE TREATMENT PROVIDER, IF SO REQUESTED.

AO 245B(Rev. 02/18)  Judgment in a Criminal Case
Sheet 3D — Supervised Release

Judgment—Page 6 of 10

DEFENDANT: JAMES CLAY RUSSELL
CASE NUMBER: 17-233-1

## SPECIAL CONDITIONS OF SUPERVISION

21) AS REQUIRED BY 18 U.S.C. §§ 3563(a)(8) AND 3583(d), AND THE SEX OFFENDER REGISTRATION AND NOTIFICATION ACT (SORNA, 42 U.S.C. § 16901 ET SEQ.), THE DEFENDANT SHALL REPORT THE ADDRESS WHERE HE WILL RESIDE AND ANY SUBSEQUENT CHANGE OF RESIDENCE TO THE PROBATION OFFICER RESPONSIBLE FOR DEFENDANT'S SUPERVISION, AND FURTHER SHALL REGISTER AS A CONVICTED SEX OFFENDER IN ANY STATE WHERE HE RESIDES, IS EMPLOYED, CARRIES ON A VOCATION, OR IS A STUDENT.

22) THE DEFENDANT SHALL NOT ENTER INTO A RENTAL AGREEMENT AND/OR PURCHASE COMPUTERS, CELL PHONES, OR ELECTRONIC COMMUNICATION OR DATA STORAGE DEVICES WITHOUT THE CONSENT OF THE PROBATION OFFICER. FURTHERMORE, THE DEFENDANT SHALL NOT MAKE EXCESSIVE AND/OR UNEXPLAINED PURCHASES OF ITEMS ORDINARILY RELATED TO CHILDREN UNDER THE AGE OF 18, WITHOUT APPROVAL OF THE PROBATION OFFICER.

23) THE DEFENDANT SHALL NOT FREQUENT AND/OR LOITER WITHIN 500 FEET OF PLACES WHERE CHILDREN CONGREGATE ON A REGULAR BASIS, SUCH AS, BUT NOT LIMITED TO, SCHOOLS; PLAYGROUNDS; CHILDREN'S TOY AND/OR CLOTHING STORES; VIDEO ARCADES; DAYCARE CENTERS; SWIMMING POOLS; ZOOS; AMUSEMENT PARKS, OR OTHER PLACES PRIMARILY USED THAT CAN BE REASONABLY BE EXPECTED TO BE USED BY CHILDREN UNDER THE AGE OF 18, WITHOUT PRIOR PERMISSION OF THE PROBATION OFFICER.

24) THE DEFENDANT SHALL NOT PHOTOGRAPH AND/OR VIDEOTAPE ANY CHILDREN UNDER THE AGE OF 18 WITHOUT THE WRITTEN CONSENT OF THEIR PARENT OR LEGAL GUARDIAN WHO IS AWARE OF THE NATURE OF THE DEFENDANT'S HISTORY, CHARACTERISTICS AND/OR CONVICTION(S) AND HAS BEEN APPROVED BY THE PROBATION OFFICE.

25) THE DEFENDANT SHALL PAY RESTITUTION THAT IS IMPOSED BY THIS JUDGMENT THAT REMAINS UNPAID AT THE COMMENCEMENT OF THE TERM OF SUPERVISED RELEASE AT A RATE OF NOT LESS THAN 10 PERCENT OF HIS GROSS MONTHLY EARNINGS. THE FIRST PAYMENT SHALL BE DUE WITHIN 30 DAYS FROM THE DEFENDANT'S RELEASE FROM THE CUSTODY OF THE BUREAU OF PRISONS.

26) THE DEFENDANT IS PROHIBITED FROM INCURRING NEW CREDIT CHARGES OR OPENING ADDITIONAL LINES OF CREDIT WITHOUT PRIOR WRITTEN APPROVAL OF THE PROBATION OFFICER.

27) THE DEFENDANT SHALL PROVIDE THE PROBATION OFFICER WITH ACCESS TO ANY REQUESTED FINANCIAL INFORMATION.

28) THE PERIODIC DRUG TESTING MANDATED BY THE VIOLENT CRIME CONTROL AND LAW ENFORECEMENT ACT OF 1994 IS HEREBY WAIVED. THE COURT FINDS THAT THIS OFFENSE IS NOT DRUG RELATED AND THIS DEFENDANT HAS NO CURRENT OR RECENT HISTORY OF SUBSTANCE ABUSE.

29) THE DEFENDANT SHALL FORFEIT TO THE UNITED STATES THE FOLLOWING PROPERTIES WHICH ARE ALSO IDENTIFIED IN THE FORFEITURE ALLEGATION: (1) ONE SAMSUNG GALAXY S II CELLPHONE; (2) ONE TOSHIBA SATELLITE LAPTOP COMPUTER WITH CHARGER, SERIAL NUMBER 3D296446Q; (3) ONE DELL DIMENSION DESKTOP COMPUTER, SERIAL NUMBER 000086345; (4) ONE DELL DIMENSION DESKTOP COMPUTER, SERIAL NUMBER 000086346; AND, (5) COMPACT DISCS WITH SPINDLE (81 TOTAL). IT IS NOTED THAT THE COURT GRANTED AN ORDER OF CRIMINAL FORFEITURE AGAINST THE DEFENDANT ON NOVEMBER 29, 2018.

30) THE DEFENDANT SHALL COOPERATE IN THE COLLECTION OF DNA AS DIRECTED BY THE PROBATION OFFICER, PURSUANT TO 28 C.F.R. § 28.12, THE DNA FINGERPRINT ACT OF 2005, AND THE ADAM WALSH CHILD PROTECTION AND SAFETY ACT OF 2006.

AO 245B (Rev. 02/18)  Judgment in a Criminal Case
  Sheet 5 — Criminal Monetary Penalties

Judgment — Page 7 of 10

DEFENDANT: JAMES CLAY RUSSELL
CASE NUMBER: 17-233-1

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | Assessment | JVTA Assessment* | Fine | Restitution |
|---|---|---|---|---|
| TOTALS | $ 100.00 | $ 0.00 | $ 0.00 | $ 8,600.00 |

☐ The determination of restitution is deferred _____ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered until after such determination.

☒ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| "ALICE" |  | $600.00 |  |
| "HENLEY" |  | $500.00 |  |
| "FIONA" |  | $1,000.00 |  |
| "CINDY" |  | $500.00 |  |
| "JENNY" |  | $500.00 |  |
| "JESSICA" |  | $500.00 |  |
| "MAUREEN" |  | $500.00 |  |
| "CASSEAOPEIA" |  | $500.00 |  |
| "PINKHEARTSISTERS" |  | $500.00 |  |
| "AVA" |  | $1,000.00 |  |
| "MYA" |  | $1,000.00 |  |
| "PIA" |  | $1,000.00 |  |
| "TARA" |  | $500.00 |  |

TOTALS  $ _____   $ _____ 8,600.00

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☒ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  ☒ the interest requirement is waived for   ☐ fin  ☒ restitution.

  ☐ the interest requirement for   ☐ fine  ☐ restitution is modified as follows:

\*   Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
\*\*  Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. 02/18)  Judgment in a Criminal Case
Sheet 5A — Criminal Monetary Penalties

Judgment — Page 8 of 10

DEFENDANT: JAMES CLAY RUSSELL
CASE NUMBER: 17-233-1

## ADDITIONAL TERMS FOR CRIMINAL MONETARY PENALTIES

THE DEFENDANT SHALL MAKE RESTITUTION PAYMENTS FROM ANY WAGES HE MAY EARN IN PRISON IN ACCORDANCE WITH THE BUREAU OF PRISONS' INMATE FINANCIAL RESPONSIBILITY PROGRAM. ANY PORTION OF THE RESTITUTION THAT IS NOT PAID IN FULL AT THE TIME OF THE DEFENDANT'S RELEASE FROM IMPRISONMENT SHALL BE PAID AS A CONDITION OF SUPERVISED RELEASE. THE VICTIM'S RECOVERY IS LIMITED TO THE AMOUNT OF ITS LOSS, AND THE DEFENDANT'S LIABILITY FOR RESTITUTION CEASES IF AND WHEN THE VICTIM RECEIVES FULL RESTITUTION.

THE DEFENDANT SHALL APPLY ALL MONEYS RECEIVED FROM INCOME TAX REFUNDS, LOTTERY WINNINGS, INHERITANCE, JUDGMENTS AND ANY ANTICIPATED OR UNEXPECTED FINANCIAL GAINS TO THE OUTSTANDING COURT ORDERED FINANCIAL OBLIGATION WITHIN 10 DAYS OF RECEIPT, UNLESS EXCUSED FROM DOING SO BY ORDER OF THE COURT.

THAT SO LONG AS ANY RESTITUTION REMAINS UNPAID, DEFENDANT MAY NOT OPEN ANY NEW CREDIT ACCOUNTS WITHOUT ADVANCE APPROVAL OF THE PROBATION OFFICE. HE MUST PROVIDE THE PROBATION OFFICE WITH ANY REQUESTED FINANCIAL RECORDS, AND MUST ADVISE THE U.S. ATTORNEY'S OFFICE OF ANY CHANGE OF ADDRESS WITHIN THIRTY (30) DAYS. THE VICTIM'S RECOVERY IS LIMITED TO THE AMOUNT OF ITS LOSS, AND THE DEFENDANT'S LIABILITY FOR RESTITUTION CEASES IF AND WHEN THE VICTIM RECEIVES FULL RESTITUTION.

AO 245B (Rev. 02/18) Judgment in a Criminal Case
Sheet 6 — Schedule of Payments

Judgment — Page 9 of 10

DEFENDANT: JAMES CLAY RUSSELL
CASE NUMBER: 17-233-1

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A ☐ Lump sum payment of $ _____ due immediately, balance due

    ☐ not later than _____ , or
    ☐ in accordance with ☐ C ☐ D, ☐ E, or ☐ F below; or

B ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

C ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

D ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a term of supervision; or

E ☐ Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ☒ Special instructions regarding the payment of criminal monetary penalties:
PLEASE SEE PAGE 8

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

    Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☒ The defendant shall forfeit the defendant's interest in the following property to the United States:
PLEASE SEE PAGE 10

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) JVTA assessment, (8) penalties, and (9) costs, including cost of prosecution and court costs.

AO 245B (Rev. 02/18)  Judgment in a Criminal Case
                      Sheet 6B — Schedule of Payments

Judgment—Page  10  of  10

DEFENDANT: JAMES CLAY RUSSELL
CASE NUMBER: 17-233-1

## ADDITIONAL FORFEITED PROPERTY

THE DEFENDANT SHALL FORFEIT TO THE UNITED STATES THE FOLLOWING PROPERTIES WHICH ARE ALSO IDENTIFIED IN THE FORFEITURE ALLEGATION: (1) ONE SAMSUNG GALAXY S II CELLPHONE; (2) ONE TOSHIBA SATELLITE LAPTOP COMPUTER WITH CHARGER, SERIAL NUMBER 3D296446Q; (3) ONE DELL DIMENSION DESKTOP COMPUTER, SERIAL NUMBER 000086345; (4) ONE DELL DIMENSION DESKTOP COMPUTER, SERIAL NUMBER 000086346; AND, (5) COMPACT DISCS WITH SPINDLE (81 TOTAL). IT IS NOTED THAT THE COURT GRANTED AN ORDER OF CRIMINAL FORFEITURE AGAINST THE DEFENDANT ON NOVEMBER 29, 2018.